Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-60008 |
| Plaintiff, | DISCOVERY MATTERS IN DISPUTE |
| v. | |
| PIROUZ SEDAGHATY, | |
| Defendant. | |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, have filed two discovery pleadings, a First

Page 1 -    DISCOVERY MATTERS IN DISPUTE

Motion for Discovery, and a Supplemental Motion for Discovery. In addition, consistent with the Court's direction, counsel for Mr. Sedaghaty wrote a letter to counsel for the government on August 21, 2008, identifying a number of items from the discovery motions on which he hoped the government would revisit its position, and identifying thirteen additional specific items sought by the defense.

By letter dated October 2, 2008, the government responded to Mr. Sedaghaty's letter of August 21, 2008. Their correspondence included a discovery spreadsheet listing an additional 173 pages of discovery that were provided. While Mr. Sedaghaty appreciated the provision of the additional discovery, the government responded to few of his requests. For example, 158 of the 173 pages were copies of American Express checks.

At this time, Mr. Sedaghaty believes that the Court must resolve a number of the discovery issues. Mr. Sedaghaty previously provided the law in support of his request and, in this pleading, only identifies those items on which he believes the Court should rule. This pleading will use the Section IV, specific responses, from the government's pleading of April 25, 2008, as the starting point, then turn to the letter of August 21, 2008. The list that follows is not intended to withdraw any items previously requested, but is merely a guide for the Court at the hearing on November 12, 2008.

1, 2, 68. Statements of Defendant. Mr. Sedaghaty is entitled to all written or recorded statements in the possession of the government, whether made to law enforcement agents or not. Moreover, Mr. Sedaghaty believes that virtually all such statements are exculpatory. In particular, any statements made regarding the tax matters are likely to be exculpatory.

Page 2 -        DISCOVERY MATTERS IN DISPUTE

5.  Copies of Emails.  The government has stated that it will provide copies of any emails it intends to introduce in its case in chief, or material to preparing the defense under Rule 16(a)(1)(E)(i) or (ii).  Mr. Sedaghaty has received several written emails.  He does not believe the government has provided the emails it has stated it would that are material to the preparation of the defense.

Moreover, in the government's response in this paragraph, it notes that it has provided imaged hard drives of the computers seized in connection with the execution of the search warrant.  The government states that emails are contained on those hard drives.  Mr. Sedaghaty notes that this is the first of several items involving computer discovery on which a ruling from the Court is required.  While the government has provided mirrored copies of the hard drives, it has not provided any forensic reports about its examination of the hard drives, any lists of material that it has identified on the hard drives, or that it has printed from the hard drives, nor has it provided similar information with respect to the discs and other electronic media.  Mr. Sedaghaty is confident that the government has conducted extensive review of all of the computer and electronic media.  Mr. Sedaghaty is confident that the government has produced significant reports about the content of the media which it seized from him.  Review and extraction of data from electronic media of this nature is quite time-consuming and expensive.  Mr. Sedaghaty is entitled to copies of what the government has seized from him.  He should not be put to the time and expense of duplicating any effort the government has already made.

**Page 3 -        DISCOVERY MATTERS IN DISPUTE**

7.  Informant Information.  The government is incorrect when it states that informant information is not discoverable unless the person is called to testify at trial. Informant information is discoverable whenever the informant is a percipient witness.

9, 13, 16, 21, 23, 51.  Witness Interviews.  Adhering to the timing of the *Jencks* Act creates a fundamentally unfair situation in a case of this magnitude.  Moreover, many of the witness reports Mr. Sedaghaty seeks he believes will be highly exculpatory and should be disclosed now, independent of the *Jencks* Act.

14, 15.  Property Records.  If video surveillance was undertaken, Mr. Sedaghaty believes that it will be highly exculpatory and should be disclosed at this time.

19.  Expert Witness Reports.  While the government states that it will provide the reports, if it has the reports in its possession at this time, it should provide them now.

22.  CPA Information.  While the government has provided approximately 750 pages of the accountant work papers, if it is in possession of additional documents from Mr. Wilcox that involved his work for Mr. Sedaghaty, Al Haramain, or any of the other entities listed in the paragraph, Mr. Sedaghaty is entitled to the production.  There is no basis on which the government should object to providing the information that Mr. Wilcox has provided to them.

23.  Mr. Sedaghaty is entitled to all of the information it seeks regarding Daveed Gartenstein Ross.

24.  Character Evidence.  Contrary to the government's view, the character evidence sought is discoverable.

25, 27, 52-53.  The telephone and other electronic records will lead to exculpatory information because they will enable further investigation and discovery of the records of the communications.

28, 47.  Surveillance Reports.  Whether or not the government intends to introduce surveillance reports, such records will contain exculpatory information.

31, 68.  Interview Reports.  The government and defense disagree about the meaning of exculpatory information in this case.

42.  Records of Communication.  The government and defense disagree about the definition of exculpatory material in this case.

45.  Computer Forensic Reports.  The computer forensic reports in this case go far beyond the traditional expert witness reports because they are likely to contain the records of the contents of the material on the computer hard drives and other electronic media and are exculpatory.  *See* 5.

46.  Bin Laden Email Material.  This material is exculpatory, whether or not the government intends to introduce it at trial.

56.  Summer Rife's Computer.  While the government has provided a redacted report of contents from Summer Rife's computer, Mr. Sedaghaty is entitled to, and Ms. Rife desires, the full content of the computer.

58.  Canadian Interviews.  This information is exculpatory.

62.  Contacts with the U.S. Government.  The issue in this request is the same as that in the previous request regarding the development of material from the hard drives and related electronic media.

64.  Sedaghaty Report of Suspicious Activity.  The government and defense disagree about the extent of exculpatory material in this case.

The government's letter of October 2, 2008, did not provide information in response to the thirteen requests.  They are renewed in this pleading by incorporation of the August 21, 2008, letter as Attachment A.

RESPECTFULLY SUBMITTED this 6th day of November, 2008.


/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence Matasar
Lawrence Matasar