REC'VD '09 JUL 01 1451 USDC-ORE

FILED '09 JUL 01 1451 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-60008-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| PIROUZ SEDAGHATY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The court previously denied certain discovery requests related to classified materials. There are several motions for discovery still pending both related to classified and non-classified materials. The court addresses those discovery issues that the parties maintain still require a ruling below.

A. Defendant's First Motion for Discovery (#53)

The government has provided the information requested in item A5, e-mails found within computer hard drives seized from the

premises of Al Haramain USA, and the defense now contends that the court should again review classified materials for exculpatory information or request the court order the government to provide more material. The request is denied.

Item A6 concerns written correspondence regarding Al Haramain Islamic Foundation (AHIF), Al Haramain Islamic Foundation-U.S.A. (AHIF-US), Pirouz Sedaghaty, or Soliman Al-Buthe. The government has provided relevant written correspondence and intends to provide additional materials as they are identified. The request is denied to the extent it seeks anything more.

Item A7 concerns all information regarding any informants used in any investigation of Al-Haramain, defendant, or Soliman Al-Buthe. The identity of informants is privileged, but disclosure of identity or contents of communication is required where it is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. Roviaro v. United States, 353 U.S. 53, 60-61 (1957).[1] To the extent exculpatory information has been provided by an informant, such information must be disclosed.

Item A8 concerns all records, documents, notes, and references regarding any contact with any direct or indirect employee of any government. The government maintains that it has provided non-classified contacts that are relevant or exculpatory. The

---

[1] This is not to say any helpful information must be disclosed. The need for the information in preparing a defense is balanced against the public interest in protecting the flow of information. Id. at 62-63.

Page 2

government also states it will turn over any further relevant or exculpatory non-classified information and defendant's request for such information is granted to that extent.

Item A9 concerns information relating to records and communications of any defendant or any person whom the Government contends is an employee or agent of the defendant. The government has provided witness statements and also states it will provide additional <u>Jenks</u> material prior to trial. Statements of non-testifying witnesses need not be provided to the extent they do not contain exculpatory material.

Items A10 and A11 concern classified materials and the court has already denied the requests.

Item A12 concerns information regarding when the investigation against Al-Haramain, defendant, or Soliman Al-Buthe began. Defendant asserts that if the investigation began on a date before he filed his 2001 tax return, it would be material to the defense and his requests for exculpatory classified information. The request is denied.

Item A13 concerns reports of interviews of employees or representatives of the Mail Stop, located at 1257 Siskiyou Blvd, in Ashland, Oregon regarding the investigation of Al-Haramain, defendant, or Soliman Al-Buthe. The government maintains that it has or will provide statements of testifying witnesses and

Page 3

exculpatory material of non-testifying witness. The request is granted to that extent.

Item A14 concerns documents and records from Jackson County Oregon Title company, including reports generated from government contact with said company during any investigation related to Al-Haramain, defendant, or Soliman Al-Buthe. To the extent such documents contain exculpatory information, the government shall provide them.

Item A15 concerns reports, photographs, video recordings, or audio recordings of the building and surroundings of 3800 S. Highway 99, including any and all reports, documents or records from the Jackson County Oregon Title Company and Jackson County Assessors. Defendant contends that video surveillance records would be highly exculpatory, but does not explain how. The request is denied.

Item A16 concerns copies of interviews, and or reports of interviews, with persons "familiar with the location" of 3800 S. Highway 99 as indicated in paragraphs 13 and 14 of the search warrant affidavit of February 13, 2004. The government has or will provide witness statements for testifying witnesses. To the extent there is any exculpatory information from non-testifying witnesses, such information shall also be provided.

Item A17 concerns bank records relating to Al-Haramain, defendant, or Soliman Al-Buthe, specifically Bank of America

account number 2880311561. The government maintains that it has provided all records regarding account number 2880311561 in addition to other bank account records over which defendant had signature authority. Defendant appears to seek bank records of AL-Haramain and Al-Buthe, in addition to those over which defendant Sedaghaty had signature authority. The request is granted.

Item A18 concerns Currency Monetary Instrument Reports (CMIRs) related to Soliman Al-Buthe. The issue here involves two of nine CMIRs of which the government does not have possession. The government has provided computer printouts containing information on the CMIRs. The request is denied to the extent it seeks information not in the government's possession.

Item A19 concerns reports, summaries, and notes of any non-governmental international terrorism consultant who was contacted in relation to the investigation of Al-Haramain, defendant, or Soliman Al-Buthe. The government shall provide the expert reports as they are finalized.

Item A20 concerns U.S. Immigration and Custom's Enforcement documents and records regarding Soliman Al-Buthe's entrances and exits to and from the United States. The government shall provide such information including visa applications.

Item A24 concerns information relating to the peaceful nature of Pirouz Sedaghaty, including but not limited to his actions for peace, his involvement with helping refugees, and his concern with

the plight of people. The request is granted to the extent it does not involve classified materials and is relevant to the charges.

Items A25 and A27 concern records or notes relating to any telephone numbers or internet provider held by or relative to Al-Haramain, defendant, or Soliman Al-Buthe. The requests are denied.

Item A28 concerns reports, tapes, videotapes, cd's, or documentation in any form of surveillance, electronic and in person, of Pirouz Sedaghaty, wherever such surveillance occurred, including Al-Haramain Islamic Foundation, its employees and offices in Oregon, Missouri, and elsewhere in the United States, and Soliman Al-Buthe, wherever any such surveillance occurred. The government shall provide such information to the extent it does not involve classified information and is exculpatory.

Item B4 concerns state or federal reports relating to the circumstances of any search or surveillance involving the defendant or his property, each co-defendant and his property, or any other search or surveillance related to this case, listing the items seized and the information obtained as a result of these searches or surveillance. The government has now provided reports relating to the execution of the search warrant and an inventory of the items seized and the request is granted to that extent.

With respect to items B5-10 the government states it has responded to the requests and defendant states that it has not

specifically responded. Although many of the items concern issues raised in other requests, the court requires additional information regarding these requests from the parties before a ruling can be made.

Item B15 concerns reports or memoranda relating to the inception and conduct of the investigation of Defendant. The request is denied.

Items B16 and 17 concern notes or memoranda of any agents of the government. The government shall provide notes regarding interviews with defendant and witnesses.

Item B18 concerns minutes and transcripts of the testimony before grand juries which heard evidence about the case and all notes or other writings or documents used by a prospective witness when testifying before the grand jury. The government shall provide grand jury testimony of testifying witnesses.

Item B19 concerns evidence which would be favorable to the Defendant, exculpatory, or material to the defense including evidence that challenges the credibility of potential witnesses. The government shall provide non-classified exculpatory information and information regarding the credibility of witnesses.

Item B20 concerns evidence of prior or subsequent bad acts by the Defendant that the government intends to introduce at trial. The request is granted.

Item B21 concerns access to the personnel files of each law enforcement or intelligence agents who will testify in the case. The government shall examine the personal files of testifying officers and produce personnel files with information material to the defense.

Item B22 concerns the names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial. To the extent any non-classified information is material and exculpatory, the government shall provide it.

Item B23 concerns arrest and conviction records of each prospective government witness. The government shall provide criminal history reports of its witnesses as well as other impeaching information.

Item B26 concerns access to physical evidence tending to exculpate the defendant in whole or in part or tending to mitigate punishment. The government shall provide non-classified exculpatory material.

Item B28 concerns the commencement and termination date of the grand jury that indicted the Defendant. The request is denied.

Item B29 concerns the number of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. The request is denied.

B.  Supplemental Discovery Request (#90)

Item 31 concerns reports of interviews of individuals who are mentioned in several reports already provided. The request is granted to the extent it does not involve classified information.

Item 36 concerns FBI reports of their participation in the arrest of Pirouz Sedaghaty. The government asserts there are no FBI reports concerning the arrest. The request is denied.

Item 37 concerns reports from IRS Special Agent Kurt Charlton regarding the interview of accountant Wilcox. The government has provided such reports.

Item 38 concerns a letter sent by Colleen Anderson to ISNA Canada on April 4, 2005. The request is granted

Item 39 concerns a letter sent to Ms. Anderson by Dr. Mohammad Ashraf, the Secretary General of ISNA Canada. The request is granted.

Item 40 concerns information from government agencies regarding shipments in and out of the country made by Al Haramain USA and Al Haramain Riyadh and other Al Haramain branches and the Qu'ran Foundation. The request is denied.

Item 42 concerns all records of communication between El Fiki, Al Haramain, The Arborist, Soliman Al Buthe, and/or Pirouz Sedaghaty and any of their employees. The request is granted to the extent it involves communications to or from defendant.

Item 43 concerns an analytic report on FOCA provided by Daveed Gartenstein-Ross. The request is granted.

Item 44 concerns e-mails between Daveed Gartenstein-Ross and Soliman Al Buthe. The request is granted.

Item 46 concerns All information regarding the computer or server from which the alleged Osama Bin Laden e-mail that has been utilized in the detention/release process was derived. The government shall review the materials for exculpatory information and provide exculpatory material regarding the Bin Laden e-mail.

Item 47 concerns all reports and records of surveillance of the Al Haramain building and Mr. Sedaghaty's residence conducted at any time. The government shall review such records for exculpatory information and provide exculpatory material.

Item 52 concerns all information obtained from UNICOM. The request is denied.

Item 53 concerns all information obtained from Qwest. The request is denied.

Item 55 concerns all reports on the opening, tracing, or in any other way engaging in surveillance of mail delivered to Pirouz Sedaghaty, Al Haramain USA, the Qu'ran Foundation, The Arborist, and any other business entities with whom Mr. Sedaghaty was associated, either at their business or residence address, or any mail stop, or other postal or private mail service. The government

shall provide the contents of mail to or from defendant in its possession.

Item 57 concerns all information in the possession of the United States government regarding communications between Russia and Saudi Arabia or Russia and the United States or Saudi Arabia and the United States or any other country regarding communications between Russia and Saudi Arabia regarding the Saudi Joint Relief Committee (SJRC). The government responds that it has provided some materials that the Russian Federation has provided to the United States and will continue to provide these materials as they are received and translated. The request is denied without prejudice.

Item 58 concerns all information in the possession of the United States regarding contact by Canadian authorities and Lili (Lilly) Zahedi in the years 2000 through 2002 that involved any communication regarding Pirouz Sedaghaty. The request is denied.

Item 59 concerns all records regarding all monetary payments made by the United States or affiliated with the United States government, to any entity, agency or employer with whom Daveed Gartenstein-Ross is or has been associated. The request is granted.

Item 60 concerns a copy of all FBI and other agency interviews of Daveed Gartenstein-Ross regarding his activities and provision of information to the United States and any effort by him to obtain

any security clearance and any investigation of Daveed Gartenstein-Ross regarding any security clearance. The request is granted.

Item 62 concerns all records in the possession of the United States regarding contacts made by Pirouz Sedaghaty with the United States Department of State or any other United States government agency regarding his efforts to provide relief or aid of any type or have any type of contact with the government of Israel, any Palestinian refugees or Palestinian entities, Russia, Saudi Arabia, the SJRC, and any reports prepared by any agent or employee of the United States government about any such contacts. The request is granted to the extent the government shall provide such non-classified reports except internal reports regarding such communication.

Item 63 concerns all reports, documentation, and information in the possession of the United States regarding any inspection, seizure, temporary seizure of any material shipped from the United States by Pirouz Sedaghaty, Al Haramain, USA, or the Qu'ran Foundation or shipped to Pirouz Sedaghaty, Al Haramain, USA, or the Qu'ran Foundation. The request is denied beyond documents concerning currency reflected in the CMIRs.

Item 66 concerns reports of the contacts between FBI Agent Charles Matthews and Pirouz Sedaghaty. To the extent any such reports exist, the request is granted.

Item 68 concerns all statements, reports on, copies of, notes about, and emails, tapes, forensic or other reports from any governmental agency or person of statements made by Pirouz Sedaghaty orally, electronically, in writing, or in any other form. The government asserts that all interview reports of defendant have been provided.

Item 69 concerns all information and all files of the United States regarding Pirouz Sedaghaty, including but not limited to all work by Pirouz Sedaghaty with and for Al Haramain, the Al Haramain charity in any of its branches, the Qu'ran Foundation, efforts to assist Muslims in any place in the world in any form, efforts to assist any refugees or victims of conflict in any place in the world in any form, and all records that demonstrate a prolonged period and pattern of activity by Pirouz Sedaghaty that is oriented toward peace, ecumenical work, charitable work, and does not involve support for or assistance to any person or entity involved, or believed to be involved, in any terrorist or mujahideen activity.  The request is granted to the extent the government is in possession of material, relevant and exculpatory information.

Item 70 seeks a statement whether Pirouz Sedaghaty, Al Haramain USA, Qu'ran Foundation, and any employees of any of those entities were, at any time, subjected to surveillance or other investigation by: a) the use of Article III warrants in addition to that one previously disclosed; b) activity under the FISA; c) the

Page 13

Patriot Act; d) National Security letters; e) the TSP; f) or any other governmental activity not authorized pursuant to any judicial warrant; g) any activity authorized pursuant to the directive of the Attorney General or any of his delegates or any government, person, or entity. If yes, provide all details regarding the activity including any warrant applications, warrants, items such as National Security letters, subpoenas, letters, other directives, and the like, all reports, in whatever form or format of the fruits of such activity, and all reports, law enforcement and intelligence or otherwise, prepared by any government, person, agency, or entity. The request is denied to the extent it seeks classified information.

Item 71 concerns all forms, documents, and reports, on the movement of travelers checks into or out of the United States by Soliman Al Buthe from 1995 to the present. It appears the government has provided the requested traveler's checks, but defendant asserts that not all CMIRs have been provided. The request is denied to the extent it seeks information not in the government's possession.

Item 74 seeks a statement whether the United States government communicated with the Iranian, Saudi Arabian, Syrian, or other governments about Mr. Sedaghaty while he was overseas and if so copies and reports of all such communications. The request is denied.

## C. Government's Motion for Reciprocal Discovery (#101)

The government, pursuant to Rule 16(b), requests an order that the defendant permit the government to inspect and to copy or photograph any and all books, papers, documents, data, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of the defendants and which any defendant intends to use in his case-in-chief at trial. Rule 16(b)(1)(A). The government also requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which the defendant intends to introduce as evidence in his case-in-chief at the trial or which were prepared by a witness whom the defendant intends to call to testify at the trial. Rule 16(b)(1)(B). The government further requests a written summary of the testimony of any expert witness which the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial, including the witness's qualifications and bases and reasons for his or her opinion. Rule 16(b)(1)(C). The government's motion is granted.

## D. Renewed Motion for Modification of Court Order of May 16, 2008, and Motion For Access to Classified Material (#135)

The motion is denied.

E.   Motion Regarding Defense Access to Classified Discovery (#137)

Defendant seeks a more detailed pleading regarding classified material from the government and seeks to participate in the review of the classified submissions or to file an ex parte briefing regarding the process. The court permitted an ex parte briefing. The motion is otherwise denied.

F.   Motion for Clarification Regarding Classified Material (#164)

Defendant requests a general description of the classified material that this Court reviewed in March of 2009 in Washington, D.C. The motion is denied.

G.   Motion for Production and Satisfaction of Prosecutor's Duty of Inquiry and Henthorn Review (#171)

Defendant seeks an order directing the government to conduct a review of the personnel files of Daveed Gartenstein-Ross and Thomas Wilcox in accordance with the holding in United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991). The motion is granted and the government shall examine the personal files of Daveed Gartenstein-Ross and Thomas Wilcox and produce personnel files with information material to the defense.

### H.   Renewed Motion for Discovery of Classified Information (#174)

Defendant renews his request for discovery of classified information based upon examination of the unclassified summary of certain classified documents that was provided to the defense by letter dated March 25, 2009.  The motion is denied.

### CONCLUSION

For the reasons stated above, defendant's motions for discovery (#53 and #90) are granted in part and denied in part, the government's motion for reciprocal discovery (#101) is granted, defendant's renewed motion for modification of the court's May 16, 2008 order (#135) is denied, defendant's motion regarding defense access to classified discovery (#137) is denied, defendant's motion for clarification regarding classified material (#164) is denied, defendant's motion for production and satisfaction of prosecutor's duty of inquiry and <u>Henthorn</u> review (#171) is granted, and defendant's renewed motion for discovery of classified information (#174) is denied.

DATED this ___1st___ day of July, 2009.

_____
Michael C. Hogan
United States District ~~Judge~~