Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                              Plaintiff,<br><br>         v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                                              Defendant. | CR 05-60008<br><br>**POST-HEARING ADDITIONAL SPECIFICATION OF BASIS FOR SUPPRESSION BASED ON DISSEMINATION OF INFORMATION TO RUSSIAN FSB AND REQUEST FOR DISCOVERY**<br><br>**EVIDENTIARY HEARING REQUESTED** |

Defendant Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby specifies an additional ground for

suppression of all evidence seized pursuant and subsequent to the search warrant issued in February 2004, and for disclosure of information necessary to properly litigate this claim.

At the hearing on the previously filed Motion to Suppress held on July 14, 2009, FBI Agent Carroll testified that copies of the hard drives seized by the government from Mr. Sedaghaty's residence and the Al Haramain building in February 2004, were provided to the Russian FSB (Federal'naya Sluzhba Bezopasnosti (Federal Security Service)), the successor to the KGB Secret Police. Upon information and belief, the provision of the material to the FSB by the United States government was part of a quid pro quo arrangement: the Russians wanting information about one of the individuals who had formerly resided in Ashland with Mr. Sedaghaty, the United States government wanting to obtain information from the Russians. It also appears that some more formal mechanism for obtaining information from the Russians was employed because the discovery material provided by the government to Mr. Sedaghaty during the Spring 2009, as reflected on page 2288, a page titled Witness Interview Report, a Russian official of some sort refers to "letters rogatory received from the U.S. Depart of Justice."

The hard drives provided to the Russians contained data about Al Haramain USA and the tax matters specified in the warrant, but also vast quantities of personal data about Mr. Sedaghaty, his arborist business, his wife, former wife, and children. The warrant was specific in limiting the type of information that the government could assess and permanently seize and utilize.

Mr. Sedaghaty believes that the provision of the hard drives seized from his residence/prayer house to the Russians was unlawful and outside the scope of the warrant

issued by Magistrate Judge Cooney given the highly personal nature of the information contained on the hard drives. The provision of these drives to the Russians was an outrageous intrusion on Mr. Sedaghaty's privacy and the privacy of other individuals whose information was contained thereon.

When the government has engaged in conduct that is outrageous, suppression of evidence is an appropriate response from the courts. *See Moran v. Burbine,* 449 U.S. 361, 366 (1981); *United States v. Morrison*, 449 U.S. 361, 366 (1983). The law provides strict limits on the types of information and circumstances under which the government may provide the fruits of a criminal investigation to a foreign power. For example, in the Foreign Intelligence Surveillance Act, the government is only permitted to disclose "foreign intelligence information" if

> the information reveals "a threat of actual or potential attack or grave hostile acts of a foreign power or an agent of a foreign power, domestic or international sabotage or terrorism, or clandestine intelligence gathering activities by an intelligence service of network of a foreign power or by an agent of a foreign power, within the United States or elsewhere, obtained as part of a criminal investigation . . . for the purpose of preventing or responding to such a threat.

50 U.S.C. § 403-5d(1). A similar limitation exists with respect to grand jury matters in Fed. R. Crim. P. 6(e). Irrespective of any foreign power issues, the law also recognizes the limits on the government's dissemination of information outside of its criminal investigating agencies of information obtained during a grand jury investigation. *See* Fed. R. Crim. P. 6(e)(2), *In Re Grand Jury Proceedings,* 62 F.3d 1175, 1179 (9th Cir. 1995).

Here, there is no information that would qualify under the above limitation. In this criminal case, the government has provided no information recovered from the hard drives

that would suggest any kind of "a threat of actual or potential attack or grave hostile acts" or any of the other clauses of 50 U.S.C. §§ 403 - 405(d)(1). In fact, it is hard to imagine in late 2008 or early 2009, that any information recovered from a hard drive in early 2004 could rise to the level of a "threat." Too much time has passed.

At the present time, Mr. Sedaghaty is not in a position to fully articulate the facts that would support suppression of the entire fruits of the search based on the government's disclosure of the hard drives to the FSB. He, therefore, seeks a hearing at which additional evidence can be adduced and discovery of the following items:

    a.    Specification of precisely what was transmitted to the Russian FSB;

    b.    When the transmission took place;

    c.    The circumstances under which the transmission occurred;

    d.    The parties or people involved in the transmission;

    f.    Whether the transmission was pursuant to any court directive. If so, provide copies of all pleadings that sought and led to the court authorization and any orders issued by the court that provided authorization;

    g.    Whether the transmission was part of a trade of information with the Russians;

    h.    Whether any information was removed from the hard drives before they were transmitted;

    i.    Whether any limits were sought to be placed on the Russians' use or redissemination of information;

j.  Whether the hard drives were provided to any other countries or entities. If so, provide the same information sought in (a) - (i) above.

Respectfully submitted August 11, 2009.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence Matasar
Lawrence Matasar