UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                              Plaintiff,

                v.

AL-HARAMAIN ISLAMIC
FOUNDATION, INC.,

                              Defendant.

Case No. 6:05-CR-60008-01-AA

**S U P E R S E D I N G
I N F O R M A T I O N**

[26 U.S.C. § 7206(1)]

**THE UNITED STATES ATTORNEY CHARGES:**

**Introductory Allegations**

At all times relevant to this information:

A)    Defendant PIROUZ SEDAGHATY, also known as Pete Seda, Perouz
Seda Ghaty, and Abu Yunus, was a naturalized United States citizen and resident of
Ashland, Oregon.

B)    The Al-Haramain Islamic Foundation, referred to in this information as
Al-Haramain (Riyadh), was a non-governmental organization headquartered in
Riyadh, Saudi Arabia.  Al-Haramain (Riyadh) operated in more than fifty countries
throughout the world.  Its publicly stated purposes were to distribute Islamic aid and
Islamic educational material.

i)      Aqeel Abdui-Aziz Al'Aqeel, also known as Ageel al-Ageel or Aquil al-Aquil, was the General Manager of Al-Haramain (Riyadh).

ii)      Defendant SOLIMAN HAMD AL-BUTHE, also known as Soliman Al-Buthe, was a citizen of Saudi Arabia and an official with Al-Haramain (Riyadh).  AL-BUTHE was also the chairman of the United States Committee for Al-Haramain, responsible for promoting Al-Haramain's (Riyadh) causes in the United States.

iii)      Al-Haramain (Riyadh) first established a presence in the United States in 1997.  In October 1997, Aqeel Abdui-Aziz Al'Aqeel, on behalf of Al-Haramain (Riyadh), designated defendant SOLIMAN AL-BUTHE through a power of attorney as its lawful representative in the United States.  Later that month, defendants PIROUZ SEDAGHATY and SOLIMAN AL-BUTHE registered the Al-Haramain Islamic Foundation as an assumed business name with the Oregon Secretary of State.  SEDAGHATY was designated as Al-Haramain Islamic Foundation's authorized representative. The Al-Haramain Islamic Foundation listed its principal place of business in the United States as 1257  Siskiyou Blvd., #224, Ashland, Oregon.

iv)     Defendants PIROUZ SEDAGHATY and SOLIMAN AL-BUTHE established a bank account in the name of the Al-Haramain Islamic Foundation at the Bank of America in Ashland, Oregon.  Defendants PIROUZ SEDAGHATY and SOLIMAN AL-BUTHE were the only two individuals authorized to conduct transactions involving that bank account.

v)     In February and March 1999, defendant PIROUZ SEDAGHATY established Al-Haramain as a corporation in the State of Oregon, thus becoming the AL-HARAMAIN ISLAMIC FOUNDATION, INC. In its  corporate application, defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. asserted:

> The corporation is organized as a public benefit corporation exclusively for religious, humanitarian, educational, and charitable purposes as defined in Section 501(C)(3) of the Internal Revenue Code, and ORS 65.036 of the Oregon Revised Code.  The corporation shall not carry on any activities which are not permitted by the Internal Revenue Code for such corporations which are exempt from federal income tax and to which contributions are deductible for federal income tax purposes.  Al Haramain Islamic Foundation, Inc. stands against terrorism, injustice, or subversive activities in any form and shall not support any statement or acts of terrorism.  Al Haramain Islamic Foundation, Inc. believes such conduct is contrary to Islamic principles.

vi)     In documents filed with the Internal Revenue Service, defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. listed the following individuals among its corporate officers:

SUPERSEDING INFORMATION                                        Page 3

| Ageel Al-Ageel (aka Aquil al-Aquil) | - | President |
| Soliman HS Al-Buthe | - | Treasurer |
| Perouz Seda Ghaty | - | Secretary |

Defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. provided the Internal Revenue Service with a website address of www.alharamain.org.

vii)    Defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. was funded by its parent organization Al-Haramain (Riyadh) through its headquarters in Riyadh, Saudi Arabia, which exercised decision-making authority over financial transactions conducted by the United States office, including decisions on how donations received by Al-Haramain (Riyadh) and defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. would be distributed.

C)    Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP) are agencies of the U.S. Department of Homeland Security.  At the time of the events relevant to this information, ICE and CBP were known as the United States Customs Service, which was an agency of the United States Department of the Treasury.  As part of its lawful functions, ICE and CBP are responsible for collecting information concerning currency and monetary instruments coming into or leaving the United States in amounts greater than $10,000.  At the time of the events relevant to this information, the United States Customs Service

was responsible for collecting information concerning currency and monetary instruments coming into or leaving the United States in amounts greater than $10,000.

> i)  Anyone who transports, mails or ships more than $10,000 in currency or monetary instruments, including travelers' checks, into or out of the United States, is required by law to provide the details of that transaction to the United States Government through a Form 4790.
>
> *Report of International Transportation of Currency or Monetary Instruments.*

D)  The Internal Revenue Service is an agency of the United States Department of the Treasury.  As part of its lawful functions, the IRS is responsible for considering applications from organizations seeking to be exempt from taxation. If tax exempt status is granted to an organization, it must file a Form 990, *Return of Organization Exempt from Income Tax*, with the IRS each year in which its contributions exceed $100,000.  If the IRS determines from a review of a Form 990 that a tax exempt organization is not operating consistently with its tax exempt status, then the IRS may revoke the tax exemption and subject the organization to taxation.

> i)  On December 31, 1999, defendant PIROUZ SEDAGHATY and defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC. filed an application for tax exempt status, asserting the AL-HARAMAIN

ISLAMIC FOUNDATION, INC. was a public benefit corporation, organized exclusively for religious, humanitarian, educational and charitable purposes. The Internal Revenue Service granted defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC.'s application for tax exempt status in December 2000.

## COUNT 1

### False Return by Tax Exempt Organization

Paragraphs A through D of the Introductory Allegations, are incorporated as if fully set forth herein.

On or about October 16, 2001, in the District of Oregon and elsewhere, defendant AL-HARAMAIN ISLAMIC FOUNDATION, INC., an Oregon corporation, did willfully make and subscribe a Form 990, *Return of Organization Exempt from Income Tax,* for the calendar year 2000, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 990 defendant then and there well knew and believed was not true and correct as to every material matter in that:

Line 1 understated "Contributions, gifts, grants, and similar amounts received;"

Line 22 understated "Grants and allocations;" and

Line 57a overstated "Lands, buildings, and equipment: basis."

In violation of Title 26, United States Code, Section 7206(1).

Dated this 29th day of July 2014.

S. AMANDA MARSHALL
United States Attorney

KENT S. ROBINSON
Assistant United States Attorney