

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      (503) 727-1000
*Portland, OR 97204-2902*                  Fax (503) 727-1117

July 28, 2014

John S. Ransom
Ransom Blackman LLP
1001 SW 5th Ave. Suite 1400
Portland, OR   97204

      Re:   *United States v. Al-Haramain Islamic Foundation, Inc.*
              Case No. 6:05-CR-60008-01-AA
              Plea Agreement Letter

Dear Counsel:

**1.**    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant Al-Haramain Islamic Foundation, Inc., and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except as mentioned herein.   This agreement does not apply to any charges other than those specifically mentioned herein.

**2.**    **Charges**:  In February 2005, a federal grand jury in Oregon indicted defendant Al-Haramain Islamic Foundation, Inc., and two individual defendants.  In September 2005, the Court granted the USAO's motion to dismiss without prejudice defendant Al-Haramain Islamic Foundation, Inc., and the USAO subsequently filed a redacted indictment removing defendant Al-Haramain Islamic Foundation, Inc.  As part of this agreement, the Government will file a Superseding, one-count Information against defendant.   Al-Haramain Islamic Foundation, Inc. agrees to waive indictment and any statute of limitation objections.

      Defendant Al-Haramain Islamic Foundation, Inc. agrees to plead guilty to the Superseding Information, in which it is charged with filing a materially false Form 990, *Return of Organization Exempt from Income Tax*, for the calendar year 2000, in violation of Title 26, United States Code, Section 7206(1).  As applied to this case, the elements of the offense are:

*United States v. Al-Haramain Islamic Foundation, Inc.*
Plea Agreement Letter
Page 2

- Defendant made and signed a Form 990, *Return of Organization Exempt from Income Tax*, for the year 2000, that it knew to be false as to a material matter;

- The Form 990 contained a written declaration that it was being signed subject to the penalties of perjury; and

- In filing the false Form 990, defendant acted willfully.

The parties have agreed to a statement of facts, which is attached to and incorporated into this agreement. The parties agree that this statement of facts satisfies the elements of the offense as set forth above.

3.   **Penalties**:  Defendant is subject to a term of probation for up to five years, a $500,000 fine and costs of prosecution. In addition, defendant must pay a $400 special fee assessment (18 U.S.C. 3013(a)(2)).

4.   **Dismissal/No Prosecution**:  The USAO will move at sentencing to dismiss with prejudice the original indictment against defendant Al-Haramain Islamic Foundation, Inc. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

If defendant Al-Haramain Islamic Foundation, Inc. pleads guilty and is sentenced consistent with the terms of this agreement, the USAO will move to dismiss the charges against co-defendant Pirouz Sedaghaty. If defendant Al-Haramain Islamic Foundation Inc. moves to withdraw its guilty plea at any time, or in any other way fails to abide by the terms and conditions of this agreement, the USAO is relieved of this obligation.

The parties to this agreement understand that there is a separate agreement with co-defendant Pirouz Sedaghaty. Defendant Al-Haramain Islamic Foundation, Inc. agrees that the USAO's obligations as set forth in this agreement are contingent upon co-defendant Pirouz Sedaghaty fulfilling all the terms and conditions of his agreement. If he does not, the USAO is relieved of its obligations in this agreement and may continue its prosecution against all named defendants. Nothing in this agreement affects the prosecution of the fugitive co-defendant Soliman Al-Buthe.

5.   **Resolution of Civil Tax Liability**:  The parties represent and agree that defendant Al-Haramain has entered into and fully satisfied an agreement with the Internal Revenue Service. Al-Haramain has paid $121,275.00, which represents the taxes, penalties, and interest owed by Al-Haramain for its 2000 and 2002 tax years. That agreement resolves all of the corporation's tax matters arising out of this investigation.

*United States v. Al-Haramain Islamic Foundation, Inc.*
Plea Agreement Letter
Page 3

6. **Sentencing Recommendation:** The parties agree to waive the preparation of a presentence report. In view of Defendant's resolution of its civil tax liability, the Government agrees not to seek any restitution or fine. Defendant agrees to pay the mandatory $400 special fee assessment. The USAO also will recommend that no costs of prosecution be imposed.

The parties agree to recommend that defendant Al-Haramain should be placed on probation for a period of three years. The parties will recommend that the terms of probation include that Al-Haramain shall not make any attempt to resume operations as a tax exempt entity under Internal Revenue Code Section 501(c)(3). In addition, the parties agree to recommend that any order of probation should automatically terminate if Al-Haramain dissolves as a corporation under Oregon law.

7. **Waiver of Appeal/Post-Conviction Relief/Civil Damage Claims/Conflict of Interest Waiver:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds whatsoever. Should Defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, or any other similar type of motion, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

Defendant Al-Haramain Islamic Foundation Inc., and any of its officers, directors, attorneys, or anyone acting on its behalf, agrees to release and hold harmless the United States, its officers, agencies, employees, and former employees, whether individually or in their official capacity, from and against any liability or further or future litigation in connection with the investigation and prosecution of this case.

Attorney Thomas Nelson, the lone current corporate officer for Al-Haramain Islamic Foundation, Inc., has represented the fugitive co-defendant Soliman Al-Buthe. Aware of this, and with the advice and consent of its current independent counsel, defendant Al-Haramain Islamic Foundation, Inc. confirms that it is unaware of any current, actual conflict of interest that would preclude Attorney Nelson, as a corporate officer, from acting on behalf of Al-Haramain for purposes of this plea. Further, defendant Al-Haramain Islamic Foundation, Inc. waives any potential or future conflict of interest in Attorney Nelson acting on its behalf as a corporate officer for purposes of this plea.

8. **Court Not Bound:** The Court is not bound by the recommendations of the parties. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

*United States v. Al-Haramain Islamic Foundation, Inc.*
Plea Agreement Letter
Page 4

9.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

10. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

11. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth or referred to in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

Kent S. Robinson
First Assistant United States Attorney

7-29-14
Date

7-29-14
Date

Defendant Al-Haramain Islamic Foundation, Inc.

John S. Ransom
Attorney for Defendant